E-Filed on     6/1/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALBERT KE-JUNG HU,<br><br>Defendant. | NO. CR-09-00487 RMW<br><br>ORDER ON MOTION TO ADMIT EVIDENCE AND ORDER TO SUBMIT JOINT STATEMENT<br><br>[Docket No. 51] |

At the pretrial conference on May 10, 2012, the court ordered that defendant file by May 17, 2012 his response to the Government's motion to admit evidence of other investors whose wire transfers were not included in the Indictment. The government was to respond by May 22, 2012. The parties have done so.

The parties were also ordered to file by May 21, 2012 a joint statement of the case for use in jury selection, or their respective proposals if they could not agree. The parties have not filed a statement as requested.

**I**

The government's motion to admit the testimony of the defendant's dealings with investors Ye, Doong, and Yan is granted, assuming the Government's proffer of the investors' expected testimony is accurate. Evidence of their dealings with Hu is "inextricably intertwined" with the charged offenses and is, therefore, admissible without regard to Rule 404(b). *See United States v.*

*Vizcarra–Martinez*, 66 F.3d 1006, 1012 (9th Cir.1995). All three invested with Hu during the time frame alleged in paragraph 5 of the Indictment, received documents and heard his representations about his funds' structure, past performance, and likely future earnings, and claim to have suffered losses as a result of their investments with Hu. The evidence is directly relevant to proving the scheme to defraud alleged in paragraph 5-11 of the Indictment and the manner and means of the fraud alleged in paragraphs 12-14 of the Indictment.

Even if the evidence were deemed not admissible as "inextricably intertwined," it would be admissible under Rule 404(b) to prove that Hu's acts, among other things, were not the result of mistake, inadvertence or even negligence.

The government's offer of Ye's testimony about Hu's life style presents a closer case as to admissibility. The court defers a ruling on that aspect of Ye's testimony until a more detailed proffer is made.

## II

Although the parties have not timely filed a joint statement of the case for use in jury selection, the court still requests that they do so by e-mailing by the close of business on June 1, 2012 their joint proposal or, if they cannot agree on one, their respective proposals.

DATED: May 31, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge